UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDWARD A. SPANGLER,

        Plaintiff,

        v.                                     Case No. 20-C-1748

LT. LICHTENSTEIGER and
CHRISTOPHER TIMM,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Edward Spangler, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $17.11. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations

2

Case 1:20-cv-01748-WCG   Filed 12/23/20   Page 2 of 6   Document 9

must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on May 8, 2020, he reported to Deputy Binder that he had been sexually assaulted by Deputy Christopher Timm on May 6, 2020. Deputy Binder ordered no contact between Timm and Plaintiff and forwarded Plaintiff's complaint to the Administration. On May 11, 2020, Lt. Lichtensteiger spoke with Plaintiff about his Prison Rape Elimination Act (PREA) complaint. Lt. Lichtensteiger advised Plaintiff that he reviewed camera footage of the incident and said he did not see what Plaintiff complained about. Plaintiff told Lt. Lichtensteiger that he wanted to press charges, but Lt. Lichtensteiger walked away. Plaintiff asserts that Lt. Lichtensteiger did not conduct a thorough PREA investigation on Deputy Timm because he did not interview any witnesses. Lt. Lichtensteiger deemed the investigation unfounded and lifted the no contact order between Deputy Timm and Plaintiff. Plaintiff was not aware of Lt. Lichtensteiger's decision to lift the no contact order. On June 10, 2020, Deputy Timm conducted a security check of the B-400 block that Plaintiff was in. Plaintiff alleges that seeing Deputy Timm caused Plaintiff to have a panic attack, and he was placed in segregation.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court recognizes that allegations of sexual assault by prison officials can state a claim upon which relief can be granted. *See Washington v.*

3

*Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Indeed, Plaintiff is proceeding on a claim that Deputy Timm allegedly sexually assaulted him in *Spangler v. Timm*, No. 20-cv-978 (E.D. Wis.). But that is not what Plaintiff alleges here. Instead, Plaintiff asserts that Lt. Lichtensteiger failed to properly conduct a PREA investigation and that Deputy Timm intimidated Plaintiff.

Plaintiff claims Lt. Lichtensteiger failed to properly conduct a PREA investigation. Plaintiff alleges that Lt. Lichtensteiger's investigation was inadequate because he never interviewed any potential witnesses, but Plaintiff does not indicate which witnesses Lt. Lichtensteiger should have interviewed. Although prison officials have a duty to protect prisoners from assault, *Farmer v. Brennan*, 511 U.S. 825 (1994), the Constitution does not require officials to investigate the incident after it has happened, *Whitlock v. Brueggemann*, 682 F.3d 567, 588–89 (7th Cir. 2012). In other words, "[a] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). In addition, the PREA does not give inmates a personal right to sue for an official's failure to comply with the Act's requirements. *See Watson v. Dodd*, No. 16-CV-1217, 2017 WL 12951, at *6 (S.D. Ill. Jan. 12, 2017). Because "inmates do not have a due process right to have their claims investigated at all," Plaintiff does not state a claim against Lt. Lichtensteiger based on his allegations that Lt. Lichtensteiger failed to adequately investigate his PREA claim. *See id.*

Plaintiff also asserts that Deputy Timm violated his constitutional rights by intimidating Plaintiff. Plaintiff alleges that he had a mental breakdown when he saw Deputy Timm conducting security checks in his block, but the complaint contains no allegations that Deputy Timm had any contact with Plaintiff or intimidated him. Plaintiff's conclusory allegations fail to state a claim upon which relief can be granted. Even if the court were to accept Plaintiff's characterization of Deputy Timm as intimidating Plaintiff, this does not rise to the level of a constitutional violation.

4

*See Beal v. Foster*, 803 F.3d 356 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."). In short, Plaintiff has failed to state a claim against Deputy Timm.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $332.89 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 23rd day of December, 2020.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.